UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X    14 CV 1639 (RMB)

DARRELL EVERETT,

                             Plaintiff,        FIRST AMENDED
                                               COMPLAINT
   -against-                                 AND DEMAND FOR
                                               A JURY TRIAL

THE CITY OF NEW YORK AND
NEW YORK CITY POLICE OFFICERS
WILSEY QUEZADA AND SGT. MARITZA
GARAY, EACH SUED INDIVIDUALLY AND IN
HIS/HER OFFICIAL CAPACITY,

                             Defendants.

-------------------------------------------------------X

     1.   This is an action for compensatory and punitive damages for violation of Plaintiff's civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and for unlawful imprisonment, harassment, intentional infliction of emotional distress, negligence and negligent hiring and/or retention of incompetent, unqualified, unfit and assaultive employees, by reason of the unlawful acts of defendants.

## JURISDICTION

     2.   This action is brought pursuant to 42 U.S.C. § 1983.  Jurisdiction is founded upon 28 U.S.C. § 1343.  Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

     3.   Plaintiff DARRELL EVERETT is a resident of Bronx County, State of New York.

     4.   At all times hereinafter mentioned, the Defendant New York City Police officers were employees of the defendants and was acting within the scope and authority of their employment. They are sued individually and in their official capacities as New York City Police Officers.

5. At all times, the defendant New York City owned and maintained the New York City Police Department ("NYPD") and employed the individual defendants sued herein.

6. That upon information and belief NYPD was responsible for the training of its officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the police department.

8. That at all times mentioned herein the defendant, City of New York knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights and intentional infliction of emotional distress of the plaintiff.

## FACTS

9. On or about September 22, 2012, at approximately 11:30 P.M., plaintiff was walking by himself on his way to the store on Mt. Eden and Topping Street, in the Bronx, when the police stopped him and searched him for allegedly stealing a phone.

10. Plaintiff replied that he had found the phone, but the police arrested him anyway.

11. The police took him to the 44th precinct and strip-searched him there, finding nothing.

12. Plaintiff was processed and taken to Central Bookin, but he was released the next day without any charges being brought against him.

13. Plaintiff spent approximately 8 hours in custody before he was released from Central Booking without seeing a judge and without being formally charged by the District Attorney's office with any offense.

14. Defendant City has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent officers from their duties, including but not

limited to the fact that the defendants knew or should have known of the individual Defendant's tendencies to use unlawful physical force, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

15. Defendants knew or should have known that prior to this date, the perpetration of unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of the individual defendants was occurring, in that there may have been reports of such unlawful conduct by this specific officer, but failed to take appropriate steps to eliminate such unlawful acts.

16. Defendant, among other deficiencies, failed to institute a bona fide procedure in which defendant investigated the unlawful acts of the individual defendants or properly investigated reports of their alleged misconduct.

### AS AND FOR A FIRST CAUSE OF ACTION FOR INVASION OF PRIVACY
### (STRIP-SEARCH)

17. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

18. The strip-search of plaintiff, which involved requiring him to pull down his pants, bend over and spread his cheeks, was a violation of plaintiff's privacy rights as guaranteed by the Fourth Amendment to the United States Constitution.

PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiff's rights under state law, and violated Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, 42 USC Sec. 1983 and 42 USC Sec. 1985, and violated Plaintiff's rights under State law; and,

2. Enter a judgment, jointly and severally, against defendants Holder and "John Doe" for compensatory damages in the amount of ONE HUNDRED THOUSAND ($100,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against the individual Defendants for punitive damages in the amount of THREE HUNDRED THOUSAND ($300,000.00) Dollars; and,

4. Enter an Order:

   a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

   b) Granting such other and further relief which to the Court seems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
       June 20, 2014

                                              **RESPECTFULLY,**

                                              /s/

                                              **STEVEN A. HOFFNER, ESQ.**
                                              Attorney for the Plaintiff
                                              325 Broadway, Suite 505
                                              New York, New York 10007
                                              (212) 941-8330
                                              (SH-0585)

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
       June 20, 2014

_____
STEVEN A. HOFFNER, Esq.
(SH-0585)